{¶ 37} I respectfully dissent from the majority opinion for the following reasons. The trial court held a complete hearing on the sexual predator status of the appellant. The trial court reviewed the records, including the presentence investigation, and addressed the appropriate factors as listed in the statute. The trial court clearly relied on the following factors when making its determination: the appellant's age, his prior criminal record for all offenses, prior incarceration, the nature of the sexual conduct, cruelty displayed towards the victim and behavioral characteristics of the appellant.
 {¶ 38} Specifically the trial court focused on the appellant's extensive criminal history stating appellant's "record is significant * * * He has gone to prison. He continues to commit crimes. I find he does have the greatest likelihood of reoffending. I have an obligation to protect the public. I think that's a significant factor that must be considered here. I think it would demean the seriousness of the offense to not give a significant sentence in this matter." (TR. 37-39.)
 {¶ 39} In fact, the probation officer provided the trial court with supplemental information in his report pertaining to the surrounding circumstances of the appellant's arrest for possession of drugs in Case No. CR-404035. The police responded to a domestic violence call in which the appellant apparently choked his girlfriend and damaged property. Upon arrest, the appellant had drugs upon his person.
 {¶ 40} The appellant's substance abuse problems caused him to engage in continuous transgressions against the law that, given enough time, has escalated into crimes of a violent and sexual nature. Even the appellant's attorney states to the court, "I don't think this incident would have taken place had he not been drunk, not been drinking on this morning." (Tr. 23.)
 {¶ 41} The trial court's decision to adjudicate the appellant as a sexual predator was supported by competent, credible evidence and shall not be reversed by a reviewing court a against the manifest weight of the evidence. State v. Hills (Feb. 7, 2002), Cuy. App. No. 78546.